

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 4:12CR39 |
| SLAVIK HAYIMOV ) | |
| a/k/a "Steve," ) | |
| ) | |
| DEFENDANT ) | |
| ) | |
| ) | |

## STATEMENT OF FACTS

Comes now the United States and offers to the Court that had the above-styled matter proceeded to trial, the United States would have proven the following facts beyond a reasonable doubt:

1. In 2010, an investigation began into the criminal activities of an organization located in Richmond, Virginia. This investigation is being conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives in conjunction with more than a dozen other federal, state and local law enforcement agencies. This investigation involves a multi-faceted criminal organization engaged in the robbery of traveling jewelry salespersons and couriers and the laundering of U.S. currency. The activity of this criminal organization involves overt acts and criminal activity that have been committed since at least 2009 throughout the United States, including the Eastern District of Virginia.



2. Based upon the combined training and experience of the investigative team, and on law enforcement intelligence reports, the term "South American Theft Group" (SATG) is a term that jewelry industry members have historically used to describe transnational criminal groups consisting primarily of Hispanic males and females that are known or believed to be Colombian nationals that rob traveling jewelry salespersons and couriers. The term SATG has been unofficially adopted by U.S. law enforcement. SATGs work in teams to steal jewelry, gems, and precious metals and their "tools of the trade" consist of vehicles, knives, razor blades, center punches, gloves, and masks. Firearms have been used by some SATG groups. The groups target jewelry salespersons and couriers who tend to carry merchandise on their persons. It is common for jewelry salespersons and couriers to carry up to $500,000 in retail value of jewels at one time.

3. The investigation determined that certain persons were members and associates of an SATG that operated principally from Richmond, Virginia. From at least November 2009 through March 2012, this SATG committed at least 15 violent robberies of jewelry salespersons and couriers involving over $5 million of jewels and jewelry throughout five different states, including Virginia, New York, New Jersey, North Carolina, and Maryland. Members of this group also conducted pre-robbery surveillance in various locations including California, Maryland, Tennessee, and Virginia.

4. On at least 15 occasions, members of the SATG traveled and transported the stolen jewels and jewelry across state lines and sold the stolen goods to **SLAVIK HAYIMOV**. **HAYIMOV** purchased the goods knowing that they were stolen. **HAYIMOV** did not know whether the goods had been obtained by violence or the threat of violence.



6. **HAYIMOV** paid for the stolen goods in cash and by making cash deposits at banks into accounts controlled by members of the SATG. **HAYIMOV** used cash so as to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.

7. All of the deposits made by **HAYIMOV** or others who acted at his direction, including his brother, Israel Hayimov, were in amounts less than $10,000 so as to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity. For each transaction, the property involved – the stolen jewels and jewelry – exceeded $10,000 in value.

8. Members of the SATG used the proceeds from their robberies to purchase, lease, finance, transfer, and sell personal and investment properties, telephones, cellular phones, vehicles, rental vehicles, residences, and rental properties used in furtherance of their unlawful activity; and to pay for travel expenses, such as hotel rooms, meals, and gas, during the course of their surveillance and robbery of jewel couriers and transport of stolen jewels, jewelry, cash and other goods.

9. **HAYIMOV** and members of the SATG did knowingly and willfully conspire and agree, together with each other and other persons known and unknown, to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, interstate transportation of stolen goods, in violation of Title 18, United States Code, Section 2314; and sale and receipt of stolen goods, in violation of Title 18, United States Code, Section 2315,

  (1) with the intent to promote the carrying on of such specified unlawful activity, and that while conducting and attempting to conduct such financial



transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(2) knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

10. **HAYIMOV** and members of the SATG did knowingly and willfully conspire and agree, together with each other and other persons known and unknown, to knowingly engage and attempt to engage in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, interstate transportation of stolen goods, in violation of Title 18, United States Code, Section 2314; and sale and receipt of stolen goods, in violation of Title 18, United States Code, Section 2315, in violation of Title 18, United States Code, Section 1957.

11. The table set forth below details the thefts from which **HAYIMOV** purchased stolen jewels and jewelry. The total value of the laundered funds attributable **HAYIMOV** is $5,313,100.



| Date of Theft | Location of Theft | Value of Proceeds |
|---|---|---|
| 12/16/2009 | Seven Corners, VA | $300,000 |
| 03/13/2010 | Newark, NJ | $500,000 |
| 03/25/2010 | Henrico, VA | $400,000 |
| 04/13/2010 | Raleigh, NC | $100,000 |
| 04/28/2010 | Henrico, VA | $120,000 |
| 08/26/2010 | Vienna, VA | $300,000 |
| 11/02/2010 | Rutherford, NJ | $150,000 |
| 11/18/2010 | Dumfries, VA | $350,000 |
| 11/30/2010 | Richmond, VA | $766,600 |
| 02/01/2011 | Virginia Beach, VA | $600,000 |
| 02/23/2011 | Raleigh, NC | $500,000 |
| 04/09/2011 | Towson, MD | $450,000 |
| 06/04/2011 | Williamsburg, VA | $400,000 |
| 10/27/2011 | Queens, NY | $122,000 |
| 11/03/2011 | McLean, VA | $254,500 |

12. These events occurred in the Newport News Division of the Eastern District of Virginia and elsewhere.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

Eric M. Hurt
Assistant U.S. Attorney
VA State Bar No. 35765
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Phone: (757) 591-4000

5



_____
Adam L. Small
Trial Attorney
U.S. Department of Justice
Organized Crime and Gang Section
1301 New York Avenue, N.W.
Washington, D.C. 20530
Phone: (202) 616-4782

**Defendant's Signature**: After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, SLAVIK HAYIMOV and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 9/8/15  _____
SLAVIK HAYIMOV
Defendant

Defense Counsel Signature: I am SLAVIK HAYIMOV's attorney and I have carefully reviewed the above Statement of Facts with the defendant. To my knowledge, the decision to stipulate to these facts is an informed and voluntary one.

Date: 9/8/15  _____
Counsel for the Defendant